# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERRELL INMAN,<br><br>    Petitioner,<br><br>v.<br><br>C. KOENIG,<br><br>    Respondent. | Case No. 1:19-cv-01543-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges his 2002 Stanislaus County Superior Court convictions and sentence. As Petitioner previously sought federal habeas corpus relief with respect to the challenged convictions and given that success on his Proposition 57 claims would not necessarily lead to his immediate or earlier release from confinement, the undersigned recommends that the petition be dismissed.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Second or Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

"Habeas petitions that are filed second-in-time are not necessarily second or successive." Clayton v. Biter, 868 F.3d 840, 843 (9th Cir. 2017). For example, "a habeas petition that challenges a new or intervening judgment is not a second or successive petition even where the intervening judgment left in place an earlier challenged conviction and sentence." Id. at 843–44 (citing Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012)). Courts "look to state law to determine what constitutes a new or intervening judgment." Clayton, 868 F.3d at 844.

In the instant petition, Petitioner asserts that: (1) the trial court erroneously sentenced Petitioner as a violent offender instead of a serious crime offender as was determined at trial; (2) the trial court erroneously failed to resentence Petitioner as a serious crime offender when Petitioner filed a resentencing motion after passage of Proposition 57; (3) Petitioner received ineffective assistance of trial and appellate counsel with respect to the serious felony/violent

1 | felony issue; and (4) the California courts denied Petitioner due process in denying his state
2 | habeas corpus petitions. (ECF No. 1 at 4–7).[1]

3 |       Here, Petitioner challenges his 2002 Stanislaus County Superior Court convictions and sentence. Petitioner previously sought federal habeas relief in this Court with respect to the same convictions and sentence. See Inman v. Clark, No. 2:08-cv-02217-CMK (denied on the merits); Inman v. Grounds, No. 1:12-cv-000921-LJO-GSA (dismissed as successive).[2] Accordingly, the Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b).

      Although the instant petition also challenges the state courts' denial of relief pursuant to Proposition 57, the California Court of Appeal has held that an order denying Proposition 57 relief does not constitute a new appealable post-judgment order. See People v. Dynes, 20 Cal. App. 5th 523, 528 (Cal. Ct. App. 2018) (holding that because section 32 to article I of the California Constitution, as enacted by Proposition 57, "did not create or authorize 'a substantial right to be resentenced' or provide 'a remedy by way of a statutory postjudgment motion' for an inmate to file a petition with the superior court for recall or resentencing in the first instance," the superior court lacked jurisdiction to grant defendant's request for relief under section 32 and thus denial of resentencing was not an appealable postjudgment order), review denied, No. S247510 (Apr. 25, 2018).

      As Petitioner has already filed federal petitions for writ of habeas corpus regarding his 2002 Stanislaus County Superior Court convictions and sentence, Petitioner cannot file another petition in this Court regarding the same convictions and sentence without first obtaining permission from the United States Court of Appeals for the Ninth Circuit. Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

\\\

\\\

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

**B. Cognizability of Proposition 57 Claims in Federal Habeas Corpus**

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has held that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Here, Petitioner argues that his crime meets the criteria of Proposition 57 and that he should be "eligible for parole consideration once he's completed the full term of his primary offense(s)." (ECF No. 1 at 5). Petitioner also alleges that he was denied due process when the state courts denied his Proposition 57 petitions without citing reasons for the denials. (Id. at 6–7).

The Court finds that success on Petitioner's Proposition 57 claims would not necessarily lead to his immediate or earlier release from confinement. Petitioner is currently serving an indeterminate imprisonment term of sixty-one years to life. (ECF No. 1 at 1). Even assuming success on Petitioner's claims would render Petitioner eligible for earlier parole consideration pursuant to Proposition 57, it would not necessarily lead to a grant of parole because under California law, the parole board must consider all relevant reliable information in determining suitability for parole and has the authority to deny parole on the basis of any grounds presently available to it. See Nettles, 830 F.3d at 935. As success on Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement, these claims do not fall within "the core of habeas corpus," and thus, are not cognizable in federal habeas corpus. See Nettles, 830 F.3d at 935.

Additionally, whether Petitioner is entitled to relief under Proposition 57 is an issue of state law. "We accept a state court's interpretation of state law, and alleged errors in the

application of state law are not cognizable in federal habeas corpus." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). See also Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.").

## II.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.[3]

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 14, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[3] This conclusion does not preclude Petitioner from attempting to pursue his claims in a civil rights action brought pursuant to 42 U.S.C. § 1983. The Court, however, expresses no opinion as to the merits of Petitioner's claims or whether the jurisdictional and procedural requirements for 42 U.S.C. § 1983 are satisfied.

5