# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERRELL INMAN,<br><br>      Petitioner,<br><br>    v.<br><br>C. KOENIG,<br><br>      Respondent. | Case No. 1:19-cv-01543-LJO-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITIONER'S REQUEST FOR STAY, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 10, 11) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 15, 2019,[1] the Magistrate Judge issued Findings and Recommendation that recommended dismissing the petition as an unauthorized successive petition and for failure to state a cognizable federal habeas claim. (ECF No. 10).

    In response to the Findings and Recommendation, Petitioner filed a request for a stay of the instant proceedings so that Petitioner "can obtain leave from the Ninth Circuit Court of Appeal due to this case being a successive petition." (ECF No. 11 at 1).[2] Attached to the request is a copy of Petitioner's application for leave to file a second or successive habeas petition that is addressed to the Ninth Circuit. (Id. at 2–3).

---

[1] The Findings and Recommendation was signed on November 14, 2019 and entered on the docket on November 15, 2019.

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis. Further, the Court finds that a stay is not warranted. In the event that the Ninth Circuit grants Petitioner leave to file a successive § 2254 petition, Petitioner can return to the district court and file his habeas petition.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on November 15, 2019 (ECF No. 10) is ADOPTED IN FULL;
2. Petitioner's request for stay of proceedings (ECF No. 11) is DENIED;
3. The petition for writ of habeas corpus is DISMISSED;
4. The Clerk of Court is DIRECTED to CLOSE the case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 4, 2020**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE